**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| MICHAEL MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-504 |
| | ) | |
| JEWEL STEELE, Warden, | ) | Judge Sharp |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Michael Morris was convicted of aggravated robbery and sentenced to thirty years of incarceration, at 60%, by the Criminal Court for Davidson County in Nashville, Tennessee after a jury trial in 2006. Now before the Court is his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The petitioner is presently incarcerated at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee. This Court has jurisdiction. 28 U.S.C. § 2241(d).

**I.     BACKGROUND and PROCEDURAL HISTORY**

A Davidson County jury found petitioner Michael Morris guilty of the offense of aggravated robbery on July 11, 2006; on September 6, 2006, Morris was sentenced to 30 years' imprisonment, at 60%, based on the trial court's finding that Moore qualified as a career offender under the Tennessee Criminal Sentencing Reform Act of 1989 ("Sentencing Act"). Morris was denied relief on direct appeal. *State v. Morris*, No. M2006-02738-CCA-R3-CD, 2008 WL 544567 (Tenn. Ct. Crim. App. Feb. 25, 2008). The Tennessee Supreme Court denied Morris's request for permission to appeal in August 2008, and the Tennessee Court of Criminal Appeals denied a motion for rehearing in September 2008.

Morris, on March 13, 2008, filed a *pro se* petition for the writ of habeas corpus in the Hickman County Circuit Court, alleging that the trial court had erred in failing to "authenticate[]" his prior convictions in "type and number" and in using the prior convictions to sentence him as a career offender, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). Morris also argued that the Tennessee Sentencing Reform Act of 1989 was unconstitutional because it "allows judges to do what the U.S. Supreme Court says is illegal." The habeas court granted the state's motion

to dismiss this petition without appointment of counsel and without an evidentiary hearing, on the basis that Morris's claims, even if true, did not render the judgment void as required for habeas relief under Tennessee law. On appeal, the Tennessee Court of Criminal Appeals agreed that the right to habeas corpus relief, under Tennessee law, was available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Morris v. Fortner*, M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1 (Tenn. Ct. Crim. App. Feb. 26, 2009) (quoting *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993))). The court nonetheless considered Morris's claims on the merits, and denied relief.

Morris filed a second *pro se* habeas corpus petition on July 9, 2008, which was dismissed summarily. On appeal, Morris argued that his judgment was void (not merely voidable) because it violated *Blakely v. Washington*, 542 U.S. 296 (2004). Alternatively, he argued that the trial court had improperly sentenced him under the 2005 amended sentencing act without a waiver, which resulted in a violation of *ex post facto* prohibitions, and because the trial court erred in classifying him as a career offender. On review, the Tennessee Court of Criminal Appeals affirmed the summary dismissal of his petition, noting that a petitioner must challenge a facially valid judgment on constitutional grounds in a petition for post-conviction relief, and that in any event the petitioner's claims had already been determined after the petitioner appealed the denial of his first petition for habeas corpus relief. *Morris v. State*, No. M2008-02113-CCA-R3-HC, 2010 WL 2075933 (Tenn. Ct. Crim. App. May 25, 2010).

On September 8, 2008, while his *pro se* habeas petition was still pending on appeal, Morris filed a *pro se* petition for post-conviction relief. He filed an amended petition on November 20, 2008. He withdrew the petition on May 6, 2009, and on May 19, 2009, he filed a second *pro se* petition for post-conviction relief. At some point, counsel was appointed, and in early 2010, through counsel, Morris filed a motion to reopen proceedings. An evidentiary hearing was conducted on January 19, 2010, and on May 13, 2010, the trial court issued an order denying post-conviction relief. Morris appealed, raising claims of ineffective assistance of counsel based on (1) trial counsel's failure to do proper legal research regarding the petitioner's prior criminal convictions and his appropriate sentencing range, failure to provide him with

copies of the State's discovery materials and to ensure that he viewed the surveillance video of the commission of the robbery, and failure to object to the court's sentencing the petitioner in violation of *ex post facto* laws embodied in the State and Federal Constitutions, and (2) appellate counsel's failure to bring to the appellate court's attention the absence of a written waiver of *ex post facto* protections. Once again, the Tennessee Court of Criminal Appeals affirmed the denial of relief. *Morris v. State*, M2010-02069-CCA-R3-PC, 2012 WL 76905 (Tenn. Ct. Crim. App. Jan. 6, 2012). The Tennessee Supreme Court denied permission to appeal on April 20, 2012.

Meanwhile, Morris moved to re-open his post-conviction petition on March 30, 2102, alleging that the out-of-state convictions used to sentence him as a career offender were invalid. (ECF No. 14-1, at 4–5.) The trial court summarily denied his request, and the Tennessee Court of Criminal Appeals denied permission to appeal that decision. (ECF No. 14-1, at 4–5.)

Morris's instant petition for the writ of habeas corpus (ECF No. 1) was filed on May 18, 2012. Shortly after the petition was filed, the Court conducted a preliminary examination thereof and determined that it stated colorable claims for relief. Accordingly, the Court entered an order (ECF No. 4) directing the respondent to answer, plead or otherwise respond to the petition. Rule 4, Rules Gov'g § 2254 Cases. The Court subsequently granted the respondent until July 30, 2012 to respond to the petition. On July 26, 2012, Morris filed a motion to amend his petition to assert another ground for relief (ECF No. 14). The respondent filed its answer to the petition on July 30, 2012 (ECF No. 15), in which it raised no objection to the motion to amend, and responded to the new claim raised in the motion to amend as well as to the claims in the original petition. Morris has now filed a reply brief (ECF No. 17) as well as a motion for the appointment of counsel (ECF No. 18).

The issues raised in Morris's petition, as amended, are as follows:

1. That in sentencing Morris as a career offender in 2006, the state trial court violated the constitutional prohibition against *ex post facto* punishment for crimes, both because it sentenced him under the law in effect in 2006 although his offense of conviction was committed in 2004, and by using a career-offender law that was not in place at the time Morris was convicted of the crimes that were used to enhance his sentence in 2006;

2. That Morris was sentenced based on facts not found by a jury, in violation of his Sixth

Amendment rights and *Blakely v. Washington*, 542 U.S. 296 (2004);

3.      That Morris's trial and appellate counsel were ineffective for failing to present his *ex post facto* and sentencing claims; and

4.      That the petitioner was sentenced as a career offender based on prior convictions that are invalid.

Upon consideration of the amended petition, the answer, the reply, and the expanded record, the Court finds that an evidentiary hearing is not needed in this matter.  *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).  The Court will dispose of the petition as the law and justice require. Rule 8(a), Rules Gov'g § 2254 Cases.

## II.     FACTUAL BACKGROUND

The Tennessee Court of Criminal Appeals, in the opinion affirming the denial of post-conviction relief, summarized the factual history in the state courts as follows:[1]

> At trial, Mapco Express employee William Maxey testified that he was working the 11:00 p.m. to 7:00 a.m. shift at the Mapco Express store on Nolensville Road.  *State v. Michael V. Morris*, No. M2006–02738–CCA–R3–CD, 2008 WL 544567, at *1 (Tenn. Crim. App., at Nashville, Feb. 25, 2008).  He was cleaning the coffee service area of the store when the petitioner entered.  *Id.*  The petitioner informed Maxey that he had a pistol, and Maxey saw an object under the petitioner's shirt that Maxey believed was a pistol.  *Id.*  Maxey complied with the petitioner's demand for cash and cigarettes. *Id.* The petitioner left the store with fifty to sixty dollars in cash and twelve to fourteen cartons of cigarettes, a total value near $400. *Id.* at [*2–*3].  Maxey contacted law enforcement after the petitioner left the store. Id. at *1.  He identified the petitioner as the robber in a photographic lineup three months after the robbery.  *Id.* at *2.  Maxey testified that the store had an advanced surveillance system, and the State played the surveillance video of the robbery for the jury.  *Id.* at [*1–*2].

> Metropolitan Nashville Police Detective Jason Rosalia testified that he participated in a custodial interrogation of the petitioner along with Detective Gish.  *Id.* at *3.  During the interview, the petitioner signed a *Miranda* waiver and told the detectives that he remembered robbing the Mapco Express.  *Id.*  The petitioner told them that he used a bottle concealed under his shirt and never had a pistol.  *Id.*  He corrected Detective Gish when the detective mentioned that he took $400 in the robbery, stating that he only took

---

[1] State appellate court findings of fact can constitute factual findings in a habeas action.  *See, e.g.*, *Girts v. Yanai*, 501 F.3d 743, 749 (6th Cir. 2007); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

approximately fifty dollars in cash and several cartons of cigarettes. *Id.* The petitioner blamed his behavior on an addiction to crack cocaine. *Id.*

After hearing the foregoing proof, the jury convicted the petitioner of aggravated robbery, a Class B felony. *Id.* at *4. The trial court sentenced him as a career offender to thirty years in the Tennessee Department of Correction. *Id.* . . .

. . . .

On September 8, 2008, the petitioner filed a petition for post-conviction relief. . . . Thereafter, the postconviction court appointed counsel for the petitioner. . . . By agreement of the parties, the court heard evidence on the petition for post-conviction relief.

At the hearing, trial counsel testified that she had been employed by the Metropolitan Public Defender's Office since 2001. She recalled meeting with the petitioner, reviewing the evidence against him, and discussing potential defenses. Trial counsel stated that the petitioner's defense was that the robbery was not aggravated because he had a concealed water bottle rather than a pistol. However, counsel admitted that the defense was weak due to the surveillance video, which showed the petitioner stating that he had a pistol. Trial counsel said that the State made a "very good offer considering his range" but that the petitioner "elected to have a trial." Trial counsel said that she and the State thoroughly researched the petitioner's criminal history, which spanned several states. He had many convictions, and some were very old. She did not recall whether the petitioner specifically raised a concern about potential *ex post facto* violations, but she said that he "was most definitely a career offender, anyway you cut it." Trial counsel testified that her office routinely had defendants execute waivers of *ex post facto* protections when they were sentenced after June 7, 2005, for crimes committed prior to that date. Counsel could not recall what conversations she had with the petitioner about executing a waiver. Regarding the surveillance video of the robbery, trial counsel said there was no way to prevent the State from playing the video for the jury. The State failed to move the video into evidence, and counsel was able to prevent the jury from viewing the video again during its deliberations, which she regarded as a success. Trial counsel characterized the surveillance video as "neatly and succinctly [giving] all the elements of the crime in a nice audio/video fashion." The petitioner was aware of the video prior to trial. Due to technological incompatibility, the video was only available for review at the district attorney's office, but counsel was sure the petitioner saw the video prior to trial and again during trial.

On cross-examination, trial counsel testified that she was licensed to practice in Massachusetts, California, and Tennessee, and that her career consisted entirely of criminal defense. She said that her investigation into the petitioner's criminal history assured her that he was properly classified as a career offender. She explained to him that prior convictions applied to sentencing, regardless of when the convictions occurred, and that the amendments to the Sentencing Act had no impact on the petitioner's career offender status.

Appellate counsel testified that she had been an attorney for ten years and that her practice was divided between criminal defense and family law. She said that she traveled to Only, Tennessee, to have a lengthy meeting with the petitioner regarding issues for appeal. She said that the petitioner wanted to appeal his sentence but that she "did not believe that was a claim that should have been advanced, based upon the fact that he was career offender, and in reviewing his criminal history, appropriately sentenced as a career offender." She did not recall the petitioner raising any concerns about *ex post facto* violations nor did she recall seeing a waiver of *ex post facto* protections in the petitioner's file.

The petitioner testified that trial counsel did not provide him with discovery materials but that another attorney representing him in a separate case provided him with the discovery several years after his trial. Trial counsel informed him of the surveillance video, but he did not see the video until the trial was underway. The petitioner said that he would have taken the State's plea offer if he had seen the video before trial. Regarding his *ex post facto* claims, the petitioner explained that the State's application of the 1989 Sentencing Reform Act classifications to convictions he received in other states prior to 1982 in order to determine his sentencing status was "retrospective" and damaging. Although he never signed a waiver of his *ex post facto* protections, he was sentenced under the 2005 sentencing amendments. He referred to the trial court's use of the 2005 numbering of enhancement factors rather than the pre–2005 numbering as evidence that he was sentenced under the 2005 amendments.

The post-conviction [court] denied the petition, finding that the petitioner failed to establish that either trial or appellate counsel was ineffective. The post-conviction court found that trial counsel provided the petitioner with discovery materials and discussed trial strategy with him. Furthermore, the post-conviction court found that appellate counsel discussed her strategy with the petitioner. The court found that the petitioner's testimony was not credible and that the petitioner "failed to assert any reason for post-conviction relief."

*Morris v. State*, 2012 WL 76905, at *1–*4.

## III. STANDARD OF REVIEW

### A. Standard of Review of Defaulted Claims

Generally, a federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[A] federal habeas petitioner . . . [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Once a petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, review by the Tennessee Court of Criminal Appeals satisfies the exhaustion

requirement. *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003); Tenn. S. Ct. R. 39.

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he presents for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citation omitted). If a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(c). Ordinarily, habeas petitions containing unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520–22); *see also Rhines v. Weber*, 544 U.S. 269 (2005) (reconfirming the continued relevance of *Rose* under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). However, if an unexhausted claim would be procedurally barred under state law, for instance by statutes of limitations or state rules barring successive petitions, then the claim is deemed exhausted (because no further state review is available) but procedurally defaulted, and may not be considered by the federal court on habeas review except under extraordinary circumstances. *Alley v. Bell*, 307 F.3d 380, 385–86 (6th Cir. 2002) (citations omitted); *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000). In order to obtain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate both cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or alternatively that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *cf. Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

**B.**    **Standard of Review of Fully Exhausted Federal Claims**

Even when a petitioner's application for a writ of habeas corpus raises a federal constitutional claim that has been properly exhausted in the state courts, this Court's review of the state court's resolution of the issue is quite limited. The standard for reviewing applications for the writ of habeas corpus is set forth in 28 U.S.C. § 2254(d). This section states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* Additionally, this Court must presume the correctness of state court factual determinations, and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous."), *abrogated on other grounds by Thompson v. Keohane*, 516 U.S. 99, 111 (1995).

With these principles in mind, the Court will proceed to consider Morris's claims.

## IV. ANALYSIS AND DISCUSSION

### Claim 1: Whether Morris's sentencing as a career offender in 2006 violated constitutional ex post facto *law*

Morris raises two related *ex post facto* claims, only one of which is addressed by the respondent. The claim the respondent does address is based upon Morris's contention that he was erroneously sentenced under the law in effect at the time of sentencing (2006) rather than the law in effect at the time the offense was committed (in 2004), and that Morris never signed a waiver to be sentenced under the amendments to the 1989 Sentencing Act that went into effect in 2005. Second, Morris claims, as he clarifies in his reply brief, that sentencing him as a career offender violated the *Ex Post Facto* Clause of the United States Constitution insofar as the convictions on which the career-offender status was based were handed down in 1976 and 1984 (*see* ECF No. 14-1, at 6–8)—well before Tennessee's enactment of the 1989 Sentencing Act.

#### A. The Waiver Issue

Morris's claim that his sentencing violated *ex post facto* law because he did not sign a waiver consenting to sentencing under the law in effect in 2006, was rejected by the Tennessee Court of Criminal Appeals on the basis, first, that Morris had failed to preserve the issue for appellate review. *Morris*, 2009 WL 690304, at *3. The court also determined that Morris had not presented any evidence that he actually was sentenced under the 2005 amendments to the Sentencing Act, or that there was any material change in the 2005 amendments that would have had any effect on this sentence.[2] Finally, the

---

[2] The court's rejection of this claim appears inconsistent with its ruling in *State v. Morris*, W2006-02345-CCA-R3-CD, 2007 WL 4245720, at *9 (Tenn. Ct. Crim. App. Dec. 3, 2007), where the court noted *sua sponte* that the trial court had "apparently" sentenced the defendant under the 2005 amendments

court noted that, even if Morris had shown that his sentence violated his constitutional rights, "constitutional infirmities create voidable judgments not void judgments unless the face of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner," and therefore did not establish that he was entitled to habeas relief under Tennessee law. *Id.* (citations omitted). Morris raised the same issue again in his second habeas petition, and the court rejected his claims under the law-of-the-case doctrine. 2010 WL 2075933, at *5.

The procedural-default doctrine, discussed above, serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). The state court's determination that the claim was not preserved for appellate review, and did not present a claim for habeas relief under Tennessee law, constitutes an independent and adequate state procedural ground for denying relief on the basis of this claim. However, because the state court also considered the merits of the claim, this Court will deem it properly exhausted for purposes of federal habeas review.

The *Ex Post Facto* Clause of the United States Constitution prohibits a state from passing a law that (1) criminalizes an action done before the law was passed, (2) aggravates a crime, or makes the crime greater than it was when committed, (3) changes the punishment to inflict greater punishment than the law provided when the crime was committed, or (4) alters the legal rules of evidence so that less or different testimony is required than at the time the offense was committed. *Rogers v. Tennessee*, 532 U.S. 451, 456 (2001) (citing *Calder v. Bull*, 3 U.S. 386, 390 (1798)) (quotations omitted). To fall within the *ex post facto* prohibition, two critical elements must be present: First, the law "must be retrospective, that is, it must apply to events occurring before its enactment"; and second, "it must disadvantage the offender affected by it." *Miller v. Florida*, 482 U.S. 423, 430 (1987) (citing *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

---

even though the crimes were committed in 2002, although the record contained no waiver of the defendant's *ex post fact*o protections. On that basis alone, the court remanded for resentencing, and directed the trial court either to resentence appropriately under the old law or to ensure that the defendant executed a waiver of his *ex post facto* protections in order to be sentenced under the 2005 amendments to the Sentencing Act. Regardless, this is an issue of state law, and the fact remains that the petitioner here has not shown that he was prejudiced by being sentenced under the 2005 amendments.

Under this standard, Morris has not shown that his sentencing raised an *ex post facto* issue, because, as the Tennessee Court of Criminal Appeals noted, he has not presented any evidence that the 2005 sentencing amendment materially changed the relevant career-offender statute or had any impact on his sentence. Even in his petition before this Court, Morris has made no showing as to how he was negatively impacted by being sentenced under the law in effect in 2006 rather than the law in effect at the time he committed the offense of conviction. He therefore has not shown that he is entitled to relief on this basis.

### B.    The Prior-Convictions Issue

As stated above, Morris also claims that sentencing him as a career offender in 2006 violated the *Ex Post Facto* Clause because the convictions on which his career-offender status was based were handed down in 1976 and 1984 (*see* ECF No. 14-1, at 6–8)—well before Tennessee's enactment of the 1989 Sentencing Act. The state courts never fully considered this claim, though Morris clearly attempted to raise it in his *pro se* state habeas corpus filings. (*See, e.g.*, ECF No. at 16-7, at 16–17 (September 2008 Memorandum of Law in Support of *Pro Se* Petition for Post-Conviction Relief) (arguing that the trial court erred in considering offenses committed in 1976 and 1984 to enhance his sentence, because these offenses took place before the enactment of the 1989 Criminal Sentencing Reform Act, and that counsel was ineffective for failing to object to this *ex post facto* violation); ECF No. 16-7, at 60 (July 7, 2008 habeas petition) (claiming an *ex post facto* violation based on enhancement of his sentence through the use of criminal offenses that occurred prior to the enactment of the 1989 Sentencing Reform Act. ("The focus is not on Tenn. law as it currently exist but Tenn. law prior to 1982 and 1989. In 1976 neither the 1982 or 89 Reform Acts existed. The trial court applied the Sentencing Reform Act retroactively, that is, that it applied to conduct before its enactment and that it raised the penalty from whatever the law provided when he acted.").

The Tennessee Court of Criminal Appeals did not expressly acknowledge or address this claim. With respect to Morris's *ex post facto* claims generally, however, the court noted that the petitioner had failed to attach copies of the "challenged prior judgments" to his petition, which justified the trial court's summary dismissal of his petition. *Morris v. Fortner*, 2009 WL 690304, at *2. In addition, the court noted that, even if the trial court had erroneously classified him as a career offender, this error rendered his

sentence merely voidable, not void, and therefore the plaintiff did not state a claim for relief under the state's habeas corpus law.  In other words, the state's rejection of the claim was based on independent and adequate state procedural grounds.  As a result, the claim is procedurally defaulted, and Morris is now procedurally barred from presenting it to the state court.  *Coleman*, 501 U.S. at 730.

Even considered on the merits, however, the claim would not entitle Morris to relief.  The law is clear that statutes that impose higher sentences on criminals who are shown to have been convicted of other crimes in the past do not violate the *Ex Post Facto* Clause.  In the context of an analogous challenge brought by a federal prisoner who was sentenced under the federal Armed Career Criminal Act ("ACCA") based on prior convictions that were more than fifteen years old, another district court expressly found that the ACCA did not "'make[] more onerous the punishment for crimes committed before its enactment.'"  *Blackmon v. U.S.*, Nos. 1:06-cv-13, 1:03-cr-241, 2008 WL 4763344, at *7 (E.D. Tenn. Oct. 29, 2008) (quoting *Weaver v. Graham*, 450 U.S. 24, 36 (1981)).  This is because "[t]he enhancement provision does not affect the punishment previously meted out to [the petitioner] for the crimes committed prior to the effective date of the ACCA but rather, increases the punishment for the instant crime.  Thus, the ACCA enhancement provision operates prospectively, not retrospectively, and therefore, is not an *Ex Post Facto* law."  *Id.*; *see also United States v. Stuart*, 81 F.3d 162 (6th Cir. 1996) (Table), 1996 WL 145857, at *2 (6th Cir. March 29, 1996) (holding that the ACCA does not offend the *Ex Post Facto* Clause even though it allows courts to consider prior violent felony convictions that occurred before the passage of the sentencing guidelines); *United States v. Ykema*, 887 F.2d 697, 700 (6th Cir. 1989) (rejecting *ex post facto* challenge to an enhancement under the United States Sentencing Guidelines on the basis that such enhancements, like other "repeat offender laws," are constitutional "because the heavier penalty for the offense is not an additional punishment for the earlier behavior but is a statutorily authorized punishment for criminal conduct that has occurred after the passage of the law").

Similarly, in the present case, the *ex post facto* provision does not apply because the statute under which Morris was sentenced made the punishment for the crime committed in 2004 harsher; it did not affect the punishment imposed for the crimes committed in 1976 and 1984.  Morris is not entitled to relief on this basis of this claim.

***Claim 2: That Morris was sentenced based on facts not found by a jury, in violation of his Sixth Amendment rights and* Blakely v. Washington*, 542 U.S. 296 (2004)***

Morris's *Blakely* claim is based on the use of prior convictions to sentence him as a career offender. This claim, like his *ex post facto* claim, was only raised in his state habeas petition, where review was limited to the facial validity of the judgment. Consequently, this claim too was rejected by the Tennessee Court of Criminal Appeals on "independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. The court also noted, however, that the law is clear that a court's consideration of the fact of a prior conviction for purposes of sentencing does not violate the Sixth Amendment. *Morris v. Fortner*, 2009 WL 690304, at *3 (quoting *State v. Gomez*, 239 S.W.3d 733, 740 (Tenn. 2007) (citing *Cunningham v. California*, 549 U.S. 270 (2007))).

That determination was neither contrary to nor did it involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). *See Cunningham*, 549 U.S. at 274–75 ("As this Court's decisions instruct, the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant." (emphasis added)) *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)), *quoted in Blakely*, 542 U.S. at 301. This claim therefore does not entitle Morris to habeas relief.

***Claim 3: Whether Morris's trial and appellate counsel were ineffective for failing to present his* ex post facto *and sentencing claims at trial or on direct appeal***

Under *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), to establish ineffective assistance of counsel, a petitioner must (1) demonstrate that his attorney's performance was deficient and (2) show that he was prejudiced by his counsel's deficient performance. Morris properly exhausted his ineffective-assistance claims. As set forth above, however, Morris's *ex post facto* and sentencing claims are completely without merit. Because they are without merit, Morris cannot show either that his various attorneys were ineffective for not raising them, or that he was prejudiced by their failure to raise them. Morris is not entitled to relief on his ineffective-assistance claims.

***Claim 4: Whether the petitioner was sentenced as a career offender based on invalid prior convictions***

Morris amended his petition in this Court to include a claim that his right to due process was violated by the state court's reliance, for sentencing purposes, on prior convictions that are invalid. Specifically, he alleges that the transcripts of his 1976 guilty-plea hearings from Texas are not available, and therefore do not show that he was advised of his rights prior to entering into those pleas. It appears that Morris raised this precise claim for the first time in his petition to re-open post-conviction relief, filed in the Davidson County Criminal Court on March 30, 2012. The Davidson County Criminal Court denied the petition summarily on June 1, 2012, stating that the petition "alleg[ed] the same matters that have previously been ruled on by this Court and the Court of Criminal Appeals." (ECF No. 14-1, at 2.) The Tennessee Court of Criminal Appeals affirmed the denial of relief on July 19, 2012, stating:

> The trial court ruled that the Petitioner had already asserted this claim in his post-conviction petition. Although it does not appear that the Petitioner alleged the exact same ground for relief in his original petition as he did in his motion to reopen, he nevertheless failed to establish by clear and convincing evidence that his prior out-of-state convictions have since been invalidated. The Petitioner suggests that because part of the record of those previous convictions is currently unavailable his claim that they were obtained in violation of his constitutional rights must be presumed. The Petitioner's argument is without merit.

(ECF No. 14-1, at 4–5.)

Morris has not shown that the decision of the Tennessee Court of Criminal Appeals was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. 28 U.S.C. § 2254(d). As the respondent points out, under Tennessee law, a petitioner in a post-conviction proceeding has the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). Morris claimed that the state failed to carry its burden of showing that the convictions on which his career-offender status was based were valid, but Morris, on post-conviction, had the burden of proving that they were invalid. The Tennessee Court of Criminal Appeals was not unreasonable in concluding that Morris had failed to carry that burden, as Morris presented no evidence whatsoever in that regard. In his petition before this Court, Morris cites to no evidence in the record to support his claim that the Texas judgments are invalid. Morris therefore is not entitled to relief on the basis of this claim.

**IV.     CONCLUSION**

For the reasons set forth herein, the Court finds that Morris's petition is without merit.  His claims for relief will therefore be denied, and this matter dismissed.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  Rule 11, Rules Gov'g § 2254 Cases.  The petitioner may not take an appeal unless a district or circuit judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ."  28 U.S.C. § 2253(c)(3).  A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "[A] COA does not require a showing that the appeal will succeed."  *Miller-El*, 537 U.S. at 337.  Courts should not issue a COA as a matter of course.  *Id.*

In this case, the petitioner has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  The Court will therefore deny a COA as to the petitioner's claims.

An appropriate order will enter.

Kevin H. Sharp
United States District Judge